UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FORTINO CHAVARIN-PARRA,<br><br>Defendant. | No. 2:17-cr-00139-MCE<br><br>**ORDER** |

Defendant Fortino Chavarin-Parra ("Defendant") pled guilty to Conspiracy to Manufacture Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 and Depredation of Public Lands and Resources in violation of 18 U.S.C. § 1361. He was sentenced on August 16, 2018, to forty-six (46) months of imprisonment. Presently before the Court is Defendant's Motion to Vacate and/or Reduce Sentence. ECF No. 85. The Government opposes Defendant's request. ECF Nos. 91, 100. For the reasons that follow, his Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that he should be released prior to his current anticipated release date in November 2020. More specifically, Defendant argues that he "has a serious chronic asthma medical condition that presents a very high risk of severe illness or death from complications should he contract Covid-19 in prison." ECF No. 85 at 1. He also suffers

from an additional "host of medical conditions that place him at high risk for severe illness from Covid-19." ECF No. 96 at 1.  According to Defendant, these "medical issues include, but are not limited to, obesity (BMI = 31.3), serious heart conditions (high cholesterol), asthma, use of corticosteroids (immunosuppressive medications), chronic lung disease (latent tuberculosis), and hypertension." Id.  Even having considered his medical issues, however, the Court concludes that Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C. § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the

safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. Defendant bears the burden of showing he is consequently entitled to relief, United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020), and he has not met that burden here.

After consideration of the relevant facts and circumstances underlying this case, including the factors under 18 U.S.C. § 3553(a), the Court absolutely agrees with the Government that, even assuming Defendant's medical conditions qualify him for consideration for release, such release would be inappropriate for this Defendant.

First, Defendant was engaged in a large-scale marijuana grow utilizing dangerous chemicals toxic to humans and wildlife on federal land. Especially considering the conspiracy produced over 20,000 marijuana plants and resulted in substantial

environmental damage, such actions indicate Defendant's complete disregard for the rule of law.  Second, and perhaps more importantly, Defendant has not identified a viable release plan.  Instead, it is likely that if released Defendant will go directly into ICE custody.  If so, Defendant would go from the frying pan to the fire, so to speak, with no real justification.

At base then, having considered all of the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that release would be inappropriate.  Defendant's Motion to Vacate and/or Reduce Sentence (ECF No. 85) is thus DENIED.

IT IS SO ORDERED.

Dated:  September 14, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE